UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re. Albert Caldwell : | |
| : | |
| Albert J. Caldwell : | |
| 142 Buck Head Park Cl. : | |
| Greentown, PA 18426 : | |
|       Plaintiff : | |
| v : | Lead Case No. 14-bk-01308 |
| : | |
| Equifax Information Services, LLC : | |
| 1500 Peachtree Street, NW : | |
| Atlanta, GA 30309 : | Jury Trial Demanded |
| and : | |
| X,Y,Z Corporations : | |
|       Defendant(s) : | |

## **ADVERSARIAL COMPLAINT**

1. This is a lawsuit for damages for alleged violations of the Fair Credit Reporting Act (FCRA) / Fair and Accurate Credit Transaction Act (FACTA), 15 U.S.C. 1681, et seq.

2. Venue is proper in this District because Defendant(s) regularly do(es) business in this jurisdiction and avails itself of the benefits of the market in this jurisdiction.

3. Plaintiff resides in this jurisdiction.

4. A substantial portion of the transaction(s), occurrence(s) act(s) and / or omission(s) complained of in this action took place in or near this jurisdiction.

5. Jurisdiction for this action is asserted pursuant to 28 U.S.C. §1331-1337.

6. Venue lies in this District pursuant to 28 U.S.C. §1392(b).

7. This matter is a non-core proceeding as that term is defined in 28 US.C. §157(b)(2).

8. Declaratory relief is available pursuant to 28 U.S.C 2201 and 2202.

9. The assets of this case may be construed as an asset of the Bankruptcy estate.

## PARTIES

10. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

11. Plaintiff is Albert Caldwell, an adult individual with an address of 142 Buck Head Park Cl., Greentown, PA 18426.

12. Defendants are the following individuals and business entities.

   a.  Equifax Information Services, LLC, a corporation with an address including but not limited to 1500 Peachtree Street, NW, Atlanta, GA 30309.

   b.  X,Y,Z Corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

**COUNT ONE: Violation of the Fair Credit Reporting Act and the Fair and Accurate Credit Transactions Act, 15 USC 1681 et. seq.**

13. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

14. At all times mentioned herein Plaintiff was a consumer as defined by 15 USC 1681a.

15. At all times mentioned herein Plaintiff was a person as defined by 15 USC 1681a (c).

16. At all times mentioned herein Plaintiff was an individual as defined by 15 USC 1681a(c).

17. At all times mentioned in this Complaint, Defendant(s) maintained a "consumer report" on Plaintiff as defined by 15 USC 1681(a)(d) et. seq.

18. At all times mentioned in this Complaint, Defendant(s) was a "Consumer Reporting Agency" (CRA) as defined by 15 USC 1681a(f) et. seq.

19. At all times mentioned in this Complaint, Defendant(s) was a "person" as defined by 15 USC 1681a(f) et. seq.

20. Within the applicable statute of limitations prior to the commencement of this action, Plaintiff contacted Defendant(s) and requested his consumer report from Defendant(s).

21. Upon Plaintiff's request for his consumer report, Defendant(s) did provide Plaintiff with a free annual copy of Plaintiff's consumer report.

22. The consumer report provided to Plaintiff by Defendant(s) contained the names and addresses of certain business entities that had accessed Plaintiff's consumer report in the last 12 months.

23. According to 15 USC 1681g(a), a CRA is required to disclose to the consumer the names of all persons or business entities that accessed the consumer's report within the last 12 months of the date of the report.

24. In addition to the requirement to disclose the names of all persons or business entities that accessed the consumer's report, the consumer reporting agency is also required to provide the telephone number for the persons or business entities that accessed the

consumer's report in the last 12 months, upon written request of the consumer to disclose such telephone number(s) pursuant to 15 USC 1681g(a)(3).

25. Plaintiff requested the telephone numbers for several business entities that had accessed Plaintiff's consumer report in the last 12 months from the date of the request(s). See attached exhibits.

26. Plaintiff's request(s) for the telephone numbers for certain business entities that had accessed Plaintiff's consumer report in the last 12 months from the date of the request(s) was / were in writing. See attached exhibits.

27. Defendant(s) received Plaintiff's written request(s) for the telephone numbers for certain business entities that had accessed Plaintiff's consumer report in the last 12 months from the date of the request. See attached exhibits.

28. Defendant(s) refused to disclose to Plaintiff's the telephone numbers for certain business entities that had accessed Plaintiff's consumer report in the last 12 months from the date of the request. See attached exhibits.

29. By refusing to disclose to Plaintiff's the telephone numbers for certain business entities that had accessed Plaintiff's consumer report in the last 12 months from the date of the request, Defendant(s) violated 15 USC 1681g(a)(3).

# LIABILITY

30. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

31. It is believed and averred that the acts committed by Defendant(s), were willful.

32. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

33. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

34. Any mistake made by Defendant(s) would have included a mistake of law.

35. Any mistake made by Defendant(s) would not have been a reasonable or bona fide mistake.

**36.** It is believed and averred that Defendant(s)' acts and omissions were willful as evidenced by Defendant(s) blatant refusal to adequately respond to Plaintiff's aforementioned written requests for telephone numbers.

37. Defendant(s) refusal to provide Plaintiff with the telephone numbers for the entities that accessed Plaintiff's consumer report was neither accidental, not an oversight.

38. It is believed and averred that Defendant(s)' failure to provide the telephone numbers of the entities that accessed Plaintiff's consumer report to Plaintiff was the result of Defendant(s) policies, practices and procedures which were antithetical to Defendant(s) duties to provide such telephone numbers pursuant to 15 USC 1681g(a)(3).

39. Numerous other similarly situated consumers were also affected in a similar manner as the Plaintiff as the result of Defendant(s) policies, practices and procedures which were antithetical to Defendant(s) duties to provide such telephone numbers pursuant to 15 USC 1681g(a)(3).

## DAMAGES

40. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

41. Plaintiff believes and aver that Plaintiff is entitled to at least $1.00 actual damages for Plaintiff, including but not limited to phone, fax, stationary, postage, etc.

42. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory damages per entity that Defendant refused to give the Plaintiff the telephone number for.

43. Because Defendant(s)' acts and omissions were willful, Plaintiff believes and avers that punitive damages are warranted because of the willful nature of Defendant(s) acts and omissions.

44. Plaintiff believes and avers that punitive damages are warranted because of the number of requests for the telephone numbers made by Plaintiff which were ignored by Defendant(s).

45. Plaintiff believes and avers that punitive damages are warranted because of the number of similarly situated consumers whose rights under 15 USC 1681g(a)(3) were violated by Defendant(s).

46. Plaintiff believes and avers that punitive damages are warranted because it is believed and averred that Defendant(s) have standard practices and policies antithetical to Defendant(s) duties under 15 USC 1681g(a)(3).

47. Plaintiff requests punitive damages against Defendant in the amount to be determined by this Honorable Court.

48. For purposes of a default judgment, Plaintiff believes and avers that the amount of such punitive damages should be no less than $150,000.00.

## ATTORNEY FEES

49. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

50. Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees for prosecuting this action pursuant to 15 USC 1681 et. seq.

51. Plaintiff believes and avers that Plaintiff's attorney fees amount to no less than $1,050.00 at a rate of $350.00 per hour, enumerated below, or such other amount as the Court deems just and proper.

| | | |
|---|---|---|
| a. | Consultations with client, review of file, preparing letters | 1 |
| b. | Drafting, editing, review, filing of complaint, and service of Complaint and related documents | 1 |
| c. | Follow up contact with Defense | 1 |

$$3 \times \$350 = \$1,050.00$$

52. Plaintiff's attorney fees continue to accrue as the case move forward.

53. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

## OTHER RELIEF

54. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

55. Plaintiff seeks declaratory relief.

56. Plaintiff seeks in an order directing Defendant to comply with the aforementioned provisions of the Fair Credit Report and the Fair and Accurate Credit Transactions Act, 15 USC 1681 et. seq.

57. Plaintiff requests a jury trial in this matter.

58. Plaintiff demands a jury trial in this matter.

59. Plaintiff demands fees and costs for prosecuting this matter.

60. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $152,051.00 as enumerated below.

$1.00 more or less actual damages.

$1,000.00 statutory damages

$1,050.00 attorney fees

$150,000 punitive damages

_____
$152,051.00

Plaintiff seeks such additional relief as the Court deems just and proper.

/s/ Vicki Piontek        7-9-2014
_____        _____
Vicki Piontek, Esquire        Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
palaw@justice.com
Fax: 866-408-6735